UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY ROLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 24-cv-09617 ) ) Judge April M. Perry ) |
| U.S. DEPARTMENT OF JUSTICE, and FEDERAL COMMUNICATIONS COMMISSION, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Anthony Roland ("Plaintiff"), proceeding *pro se*, brings this case against the U.S. Department of Justice ("DOJ") and the Federal Communications Commission ("FCC") (collectively, "Defendants"). Plaintiff's first amended complaint alleges violations of the Freedom of Information Act ("FOIA") and Privacy Act. Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court dismisses Plaintiff's complaint in its entirety.

**BACKGROUND**

In 2024, Plaintiff submitted FOIA requests to the Federal Bureau of Investigation ("FBI"), the Department of Justice: Criminal Division ("CRM"), and the FCC.[1] Doc. 26 ¶¶ 15-26. These requests were based on Plaintiff's belief that he is being subjected to electronic surveillance by said agencies. *Id.* ¶¶ 6-12. Plaintiff describes "unfamiliar people and vehicles

---

[1] Plaintiff's FOIA correspondence with Defendants is attached to the complaint and therefore properly considered when deciding a motion to dismiss. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

1

with MP license plates around his house at all hours," "stalking," "interaction with the Television commentator as if he were on a Zoom conference," and "living inside a Glasshouse." *Id.* ¶¶ 6-8.

On May 7, 2024, Plaintiff sent a FOIA request to the FBI seeking all records about himself including "1. FBI-002 The FBI Central Records System (CRS); 2. FBI-006 Electronic Surveillance (ELSUR); 3. FBI-020 National Data Exchange (N-Dex); [and] 4. Vaugh index." *Id.* ¶¶ 15-17. The FBI closed the request on May 15, 2024, explaining that they were unable to identify any records subject to FOIA that were responsive to the request. *Id.* at 16. Plaintiff filed an administrative appeal on or around June 10, 2024, which was denied on September 20, 2024. *Id.* ¶¶ 27-29.

On May 8, 2024, Plaintiff sent a FOIA request to the FCC in which he requested all records about himself including "1. FCC/OIG-3 (Investigation and Audit files); 2. FCC/OMD-17 (FOIA/PA request); [and] 3. FCC/OEA-6 (Broadband Data Collection)." *Id.* ¶¶ 23-25. It appears the FCC responded to this request on June 26, 2024, stating that they had found no responsive records. *Id.* at 28. Plaintiff filed an administrative appeal around July 8, 2024, which was denied on August 6, 2024. *Id.* ¶ 33; *Id.* at 28-29.

And finally, on June 9, 2024, Plaintiff sent a FOIA request to CRM for all records about himself including "1. CRM-003 (CHK to determine if those individuals have been subject to any Electronic Surveillance); [and] 2. CRM-019 (Request to the Attorney General for Approval of Applications to Federal Judges for Electronic Interceptions)." *Id.* ¶¶ 19-21. The agency responded on September 30, 2024, explaining that no responsive records subject to FOIA were found. *Id.* ¶ 31; *Id.* at 23. Plaintiff filed an administrative appeal, which was received by CRM around October 22, 2024. *Id.* at 24. It is unclear from the complaint and attached exhibits when or if CRM responded to the appeal.

2

Plaintiff has not received any responsive records from Defendants. *Id.* ¶¶ 18, 22, 26.

## LEGAL STANDARD

Under Rule 12(b)(6), a case may be dismissed when a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must "state a claim to relief that is plausible on its face" and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

Moreover, because the Court granted Plaintiff's *in forma pauperis* on November 1, 2024, Doc. 8, this Court also has an obligation under 28 U.S.C. § 1915(e)(2), to screen the complaint and "dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." When suits are brought *in forma pauperis*, courts are given discretion to "pierce the veil of the complaint's factual allegations," and dismiss the case where the "claims describ[e] fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Plaintiff is proceeding *pro se*. "A document filed *pro se* is to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). At the same time, if a court "is given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research" or try to make up arguments for them. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

## ANALYSIS

Plaintiff brings three types of claims against Defendants. First, Plaintiff alleges that the FBI and CRM failed to comply with the statutory deadlines for FOIA responses set forth in 5 U.S.C. § 552(a)(6)(A)(ii) (Count I and Count III). Second, Plaintiff alleges that the FBI and CRM unlawfully withheld responsive documents in violation of 5 U.S.C. § 552(a)(3)(A) (Count II and Count IV). Third, Plaintiff alleges that the FBI, CRM, and FCC failed to make reasonable efforts to search for responsive documents, in violation of 5 U.S.C. § 552(a)(3)(C) (Count II, Count IV, and Count V). Doc. 26 ¶¶ 36-59. Aside from injunctive relief compelling the release and disclosure of the records, Plaintiff requests *in-camera* review of classified records, punitive damages, and an award of all costs and fees associated with this action and a case dismissed in 2023.[2]

The Court begins with Plaintiff's allegations that the FBI and CRM failed to timely reply to his FOIA request. FOIA's citizen suit provision grants the Court jurisdiction to provide injunctive relief for untimely FOIA responses. 5 U.S.C. § 552(a)(4)(B). However, "once the

---

[2] Plaintiff requests costs and fees associated with *Roland v. U.S. Dep't Justice,* No. 22-cv-01066 (N.D. Ill. Mar. 15, 2023), *aff'd*, 2023 WL 8251312 (7th Cir. Nov. 29, 2023) (affirming dismissal of claims at summary judgment for being unsupported).

4

government produces all the documents a plaintiff requests, [his] claim for relief under the FOIA becomes moot." *Walsh v. U.S. Dep't. Veterans Affs.*, 400 F.3d 535, 536 (7th Cir. 2005); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."). In this case, Plaintiff alleges that the FBI took 102 days to respond, and CRM took 112 days to respond to his FOIA request. Doc. 26 ¶¶ 27-32. That said, Plaintiff acknowledges that both the FBI and CRM did respond. Therefore, Plaintiff's request for injunctive relief is moot, and Count I and Count III are dismissed.

      Of course, Plaintiff's real concern is not that the FBI, CRM, and FCC failed to timely give him nothing. The crux of Plaintiff's case is that Defendants should have had responsive documents and either did not properly search for them or unlawfully withheld them. Assessing Plaintiff's allegations in support of Counts II, IV, and V, the Court finds that dismissal is appropriate because Plaintiff does not allege claims that are facially plausible. Specifically, Plaintiff alleges that Defendants must have documents about him because Defendants are intercepting his communications and stalking him, unnamed whistleblowers have told Plaintiff that he is under electronic surveillance and "left business cards and signed a petition to stop the unlawful surveillance while leaving their emails for deposition purposes," and Plaintiff has "captured demonstrative video evidence of his interaction with [a] Television commentator as if he were on a Zoom conference." Doc. 26 ¶¶ 6-10. These are the types of "fantastic or delusional scenarios" that the Court finds patently implausible, and which warrant dismissal. *See Neitzke* 490 U.S. at 328.[3]

---

[3] Plaintiff's delusional allegations have continued in subsequent pleadings, including his assertion that "I have live video evidence of interacting with the TV host through my TV causing transparency (I wave and host wave)." Doc. 37 at 5.

This is not the first time Plaintiff has made similar claims. The Seventh Circuit has described a similar case brought by Plaintiff as "unrealistic[]," *Roland v. U.S. Dep't of Justice*, 2023 WL 8251312 at *1 (7th Cir. 2023), and other courts in this District have described his claims as "fantastical, unsupported," *Roland v. U.S. Dep't of Justice,* No. 22-cv-1066 at Doc. 76 (N.D. Ill. Mar. 15, 2023), and "delusional." *Roland v. Pai*, No. 19-cv-03128 at Doc. 10 (N.D. Ill. June 11, 2019).[4] This is the fourth time Plaintiff has filed a case in which he has alleged that the government is watching him through his television. *See Roland*, No. 22-cv-1066 at Doc. 1 ¶ 19 ("plaintiff gathered 20 sign witness affidavits stating that his privacy is being violated, in conjunction with the continued whistleblower from the television and radio announcers."); *Roland*, No. 19-cv-3128 at Doc. 1 ¶ 14 ("Plaintiff … notice he was and is being watch through the defendants network stations."); *Roland v. Federal Government*, No. 18-cv-5363, Doc. 1 at 7 (N.D. Ill.) ("When I'm watching a television program I am constantly getting reminded that I'm being watched."). Plaintiff's present action is precisely the type of lawsuit that § 1915's dismissal provision was designed to address. *See Neitzke*, 490 U.S. at 324 (explaining that Congress included the dismissal provision as litigants whose costs are assumed by the public "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

Finally, given the frivolous nature of the claims, this case is dismissed with prejudice. Generally, courts should "allow ample opportunity for amending the complaint when it appears that by doing so the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, "leave to amend need not be granted… if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *see also Georgakis v. Ill. State. Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013)

---

[4] In looking to the dockets of Plaintiff's previous cases, this Court takes "judicial notice of matters of public record when ruling on a motion to dismiss." *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022).

("[A] suit that [is] frivolous… can justifiably be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought—anywhere."). Over seven years, four lawsuits, and more than one amended complaint, Plaintiff has failed to state a meritorious claim from a similar set of allegations. Given this, and the fundamental implausibility of the claims, this Court is convinced that leave to amend would be futile and an undue burden on the courts.

## CONCLUSION

For the foregoing reasons, Plaintiff's case is dismissed with prejudice.

Dated: July 28, 2025

                                            APRIL M. PERRY
                                            United States District Judge